**Sidney Ray WILKERSON,
Petitioner-Appellant,**

v.

**UNITED STATES BOARD OF PAROLE,
Respondent-Appellee.**

No. 78–1405.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 9, 1979.

Decided Sept. 27, 1979.

Sidney R. Wilkerson, pro se.

James R. Burgess, Jr., U. S. Atty., East St. Louis, Ill., for respondent-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and TONE, Circuit Judges.

PER CURIAM.

This appeal from the denial of a petition for writ of habeas corpus presents the questions of whether the United States Parole Commission has the authority to order a parole violator's term to run consecutive to the new sentence imposed while on parole and to forfeit a parole violator's good-time credit and credit for time served on parole. We affirm the dismissal of the petition.[1]

Sidney Ray Wilkerson, an inmate at the United States Penitentiary, Marion, Illinois, was convicted of possession and passing counterfeit obligations in 1971 and sentenced to a fifteen-year term of imprisonment. He was paroled in 1974, with 4,274 days remaining to be served. On October 6, 1975 a parole violator warrant was issued for Wilkerson for falsifying supervision reports and associating with a person having a criminal record. On December 11, 1975 the United States Marshal placed this warrant as a detainer against petitioner, who was incarcerated pending federal charges. On December 18, 1975 Wilkerson was convicted of conspiring to violate federal counterfeit laws and selling counterfeit obligations. He was sentenced to fifteen years imprisonment. A supplemental parole violation warrant outlining the new criminal convictions was issued on January 14, 1976. Petitioner was given a parole revocation hearing on August 26, 1976 and subsequently was notified by the United State Parole Commission that parole was revoked and that the parole violator term would run consecutive to any sentence imposed for the criminal violation during parole. Additionally, he was informed that no credit for time spent on release would be granted and that good-time credit earned prior to release on parole was forfeited.

Wilkerson brought this habeas action on June 7, 1977 alleging that the United States Parole Commission did not have the authority to suspend the running of his original sentence until completion of the term imposed for the new offense and that the Double Jeopardy Clause was violated by the Parole Commission's determination to void his earned good time and time served on parole. The district court granted summary judgment for respondent and this appeal followed.

---

1. The appeal has been submitted on the briefs and record, without oral argument, pursuant to Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979).

Petitioner's primary argument is that the Parole Commission cannot "stop a sentence from running" and "start it again" because such action extends the original sentence beyond the termination date imposed by the district court. The Parole Commission and Reorganization Act, 90 Stat. 219, 18 U.S.C. §§ 4201, *et seq.* (Supp.1978), in § 4210(b)(2), expressly gives the Commission the authority to determine that the unserved part of the original sentence shall run consecutively with the new sentence:

> (b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that—

> (2) in the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.

Petitioner argues, based on the last clause of the quoted provision, that he will have served his original sentence long before the expiration of the combined consecutive new and original sentences expire in 2001. This is another way of arguing that the Commission lacked authority to "interrupt" his original sentence by making the unexpired portion thereof run consecutive to the new sentence. The last clause does not withdraw the authority conferred earlier in the subsection to make the sentences run consecutively but is for the purpose of insuring that the total time served on the original sentence does not exceed the maximum term for which he was originally sentenced.

Wilkerson's final argument is that he is entitled to credit for time spent on parole and good-time earned prior to release. This same argument was rejected by the Fifth Circuit in *Lambert v. Warden, U. S. Penitentiary,* 591 F.2d 4, 8 (5th Cir. 1979), as follows:

> Under the pre-1976 law, it is clear that a parole violator could lose both good time credits and credit for time spent on conditional release. 18 U.S.C. §§ 4205, 4207, (1970); [2] . . . . Under the Parole Commission and Reorganization Act, sections 4205 and 4207 were substantially changed and include no similar forfeiture provisions. Nonetheless, absent some legislative indication to the contrary, we will not upset the well-settled rule that once the appellant's release was revoked because of his violation of its conditions the U.S.P.C. had the authority to forfeit the appellant's good-time credit as well as credit for time spent on conditional release. . . .

(Citations omitted). We see no reason to differ with that court. Accordingly, the Parole Commission was authorized to order the forfeiture of Wilkerson's good time earned prior to his release on parole as well as the credit for time spent on parole.

The judgment of the district court is affirmed.

---

**2.** *See Moore v. Smith,* 412 F.2d 720 (7th Cir. 1969); *Dolan v. Swope,* 138 F.2d 301 (7th Cir. 1943).