644 F.2d 585
 63 A.L.R.Fed. 321
 UNITED STATES of America ex rel. Fred DEL GENIO, Petitioner-Appellant,
v.
UNITED STATES BUREAU OF PRISONS, United States Parole
Commission, and Robert Elsea, Warden, Metropolitan
Correctional Center, Respondents-Appellees.
 No. 79-2202.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 8, 1980.
Decided Sept. 9, 1980.
Rehearing Denied Oct. 22, 1980.
 
 Julius Lucius Echeles, Chicago, Ill., for petitioner-appellant.
 Thomas P. Sullivan, U. S. Atty., James P. White, Asst. U. S. Atty., Chicago, Ill., for respondents-appellees.
 Before FAIRCHILD, Chief Judge, NICHOLS, Judge,* and CUDAHY, Circuit Judge.
 FAIRCHILD, Chief Judge.
 
 
 1
 This is an appeal from a denial of a petition for writ of habeas corpus. We agree with the district court that the petitioner's term of imprisonment has not been fully served and thus affirm the judgment.
 
 
 2
 Petitioner Del Genio has had an extended career in the federal prison system.[1] It began in November, 1960, when he was sentenced to a fifteen year term for interstate transportation of stolen securities and conspiracy by the District Court for the Western District of Texas. He was paroled from that sentence in October, 1966. In October, 1968, he was arrested in Chicago for violation of parole and returned to custody. In June, 1969, he was convicted of possession of plates for making counterfeit money (the same offense for which his parole had been revoked) and sentenced to a ten year term of imprisonment, to run concurrently with his parole violator term. He was paroled again in November, 1974, but in January, 1978, while still on parole, was convicted of interstate transportation of stolen property. He received only a five year term of probation for this conviction but his parole was again revoked and he returned to custody in March, 1978. Shortly thereafter, he was assigned a mandatory release date of March 28, 1981. In April, 1979 Del Genio filed his petition for writ of habeas corpus, alleging that his mandatory release date was calculated erroneously and that he had fully served his term of imprisonment. The district court judge admitted him to bond pending adjudication of the writ and, although the writ was denied, continued the bond pending this appeal.
 
 
 3
 The petitioner alleges that there were three errors in the computation of his release date. The first was the failure to give him any credit for "street time," i. e., time he had been released on parole, when computing the time left to serve from his 1969 conviction. The second was the refusal to credit towards his ten year term for possession of counterfeit plates the seven months and thirty days he had already spent in custody on the "concurrent" parole violator term. The third was the failure to credit him with "good time" earned during the first imprisonment on the counterfeiting offense.
 
 I.
 
 4
 The question whether "street time" should be credited towards the sentence to be served after a grant of parole has been revoked is one of statutory interpretation. The petitioner's position is that by force of 18 U.S.C. 4210(b) the Parole Commission's jurisdiction over him ended at the expiration of the maximum term for which he was sentenced, as if it had not been interrupted by parole. In this case, since the last term of imprisonment he received was a ten year sentence which he received and began serving in June, 1969, he argues that the Commission's jurisdiction over him as a parole violator ended, at the latest, in June, 1979. The government, on the other hand, argues that because Del Genio was convicted in 1979 of an offense punishable by imprisonment his street time was forfeited and he may be required to serve the entire unexpired portion of his sentence without regard to when he would have been released but for the parole violation.
 
 
 5
 The question is made somewhat more difficult because although the argument is framed as whether or not "street time" or "time spent on parole" is "credited" or "forfeited," none of those terms is used in the statute. The relevant portions of § 4210 read as follows:
 
 
 6
 (b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that
 
 
 7
 (2) in the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention, or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.
 
 
 8
 This statute replaced an earlier one which explicitly provided that the unexpired prison term of a parole violator began to run from the date he returned to custody and that "the time the prisoner was on parole shall not diminish the time he was sentenced to serve." 62 Stat. 854 (1948) (repealed 1976). As it now reads, § 4210 seems to provide exactly the opposite, i. e., that the jurisdiction of the Parole Commission ends when the original term of imprisonment would have expired. Del Genio relies on this as the basis for his argument that he is now being held illegally under the 1969 sentence.
 
 
 9
 The real question is the meaning of subparagraph (b)(2). From the overall structure of paragraph (b) it is apparent that (b)(2) is intended to create an exception to rule on which Del Genio relies. The exception explicitly applies to "the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention, or incarceration in any penal facility." Del Genio's 1974 conviction for interstate transportation of stolen property would seem to bring his case squarely within the exception. But the statute then states that in such a case "the Commission shall determine . . . whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense." This could be interpreted to mean that (b)(2) applies only to parole violators who are in fact sentenced to imprisonment for their subsequent crimes.
 
 
 10
 The Commission has resolved the ambiguity inherent in the section by promulgation of a regulation which revokes street time whenever a parolee is convicted of a crime punishable by imprisonment. It was pursuant to this regulation that Del Genio's release date was calculated. The regulation, found at 28 C.F.R. § 2.52(c)(2), reads as follows:
 
 
 11
 "If the parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall not be credited to service of the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility. . . . However, in no event shall the violator term imposed under this subsection, taken together with the time served before release, exceed the total length of the original sentence."
 
 
 12
 The petitioner asks us to hold this regulation inconsistent with the statute. The statute, however, is ambiguous. In such a case, of course, it is appropriate to give some deference to the agency charged with interpreting the Act. Furthermore, in this case the agency interpretation is completely consistent with the intent of the drafters of section 4210(b). The conference committee report includes the following explanation of § 4210(b).
 
 
 13
 "(b) This subsection provides that the jurisdiction of the Parole Commission over a parolee terminates no later than the date of the expiration of the sentence imposed by the court except under circumstances cited in this section. . . .
 
 
 14
 This subsection also provides that an individual whose parole has been revoked upon conviction of any new criminal offense that is punishable by a term of detention, incarceration or imprisonment in any penal institution shall receive no credit for service of his sentence from the day he is released on parole until he either returns to Federal custody following completion of any sentence of incarceration or upon the Commission determining that the sentence run concurrently with any new sentence that may have been imposed, pursuant to section 4214(b) or (c) of this Act. In computing the date of expiration of the sentence, the Commission shall take into account the time the parolee previously served in connection with the original offense at commitment prior to his release on parole together with the time served for such offense following his revocation and the time together shall not be longer than the maximum term for which he was sentenced in connection with the original offense.
 
 
 15
 The phrase 'punishable by a term of imprisonment, detention or incarceration in a penal facility' is intended by the Conferees to mean any term of confinement which may be levied upon adjudication of guilt or delinquency and does not include detention prior to adjudication. For example, a person convicted of any offense punishable by even one day of imprisonment would not automatically receive credit toward service of his sentence, even if no sentence of imprisonment was imposed.
 
 
 16
 This subsection also provides that an individual whose parole has been revoked for the violation of any condition of release other than commission of any Federal, State or local crime punishable by any term of imprisonment, detention or incarceration shall receive credit toward service of his sentence for time previously served in prison and for time spend on parole prior to that date that a warrant or summons is issued pursuant to Section 4213 of this Act."
 
 
 17
 H.R.Rep. No. 94-838, 94th Cong., 2d Sess. 31-32 (1976) reprinted in (1976) U.S. Code Cong. & Admin. News, pp. 335, 351, 364. (Emphasis added.)
 
 
 18
 We think the Commission's interpretation of the statute is a reasonable one consistent with the intent of Congress. We conclude, therefore, that there was no error in the Bureau's refusal to credit the petitioner with time he had spent on parole in its determination of his release date.
 
 II.
 
 19
 Del Genio also asserts that the Bureau erred in its computation of the ten year sentence he received in June, 1969 for possession of counterfeit plates. The sentencing judge ordered that the ten year sentence was to be served concurrently with the parole violator term. Since Del Genio had been in custody since October, 1968, on the parole violation, he argues that the ten year sentence should have been calculated from that date.
 
 
 20
 To accept the petitioner's argument is to say his sentence began to run before it was imposed. While a sentencing judge has the discretion to provide that a sentence is to be retroactively concurrent with another sentence which has already been partially served, no such order was made in this case. Thus we agree that the Bureau correctly determined that the petitioner began to serve the ten year sentence in June, 1969.
 
 III.
 
 21
 Finally, the petitioner asserts that on his return to prison he should have been credited with "good time" he had earned prior to his parole. In his opening brief the petitioner alleged that the forfeiture of "good time" was inconsistent with the Federal Prisons Systems Policy Statement No. 5880.15, paragraph 3e which precludes the forfeiture of good time. That policy statement, however, by its own terms applies only to "extra good time," something not at issue here. In his reply brief and at oral argument the petitioner took a somewhat different approach, alleging that forfeiture of good time is inconsistent with statutory scheme of 18 U.S.C. § 4161. He also concedes, however, that our recent decision in Wilkerson v. U.S. Board of Parole, 606 F.2d 750 (7th Cir. 1979) holds against him on this point. We decline the invitation to overrule Wilkerson and agree with the defendants that there is no requirement that a prisoner who has been returned to custody as a parole violator must be credited with good time which he had accumulated prior to the parole.
 
 
 22
 For the foregoing reasons the judgment of the district court is AFFIRMED.
 
 
 
 *
 Judge Philip Nichols, Jr. of the United States Court of Claims is sitting by designation
 
 
 [1]
 As counsel remarked of his client at oral argument, "He's been in and out of hot water so much that when I look at him I think of a tea bag."