UNITED STATES of America, Plaintiff-Appellee,

v.

John Douglas NEWTON, Defendant-Appellant.

No. 82–1332
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1983.

any irregularity anywhere to be found in the execution of these instruments . . . ." is clearly erroneous.

John Douglas Newton, pro se.

John Mitchell Nevins, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

On February 24, 1977, appellant, John Newton, was sentenced to six years imprisonment and fined $2000 after pleading guilty to the charge of aiding and abetting the interstate transportation of a falsely made, forged, and counterfeited security. See 18 U.S.C. §§ 2, 2314. Newton was paroled on this offense on December 21, 1978. However, on or about October 30, 1980, while on parole, Newton again violated the securities laws and was sentenced to two years imprisonment. A parole violator warrant reflecting this new offense was issued by the Parole Commission on January 9, 1981, and, thereafter, the parole violator warrant was lodged as a detainer against Newton, who was serving time on the 1981 conviction in the Federal Correctional Institute in Seagoville, Texas. A parole revocation hearing was held and the Parole Commission (1) revoked Newton's parole, (2) concluded that Newton would not receive credit for the time spent on parole, and (3) decided that the parole violator warrant would not be executed until completion of his sentence on the 1981 conviction, in effect ordering that the sentences in the 1977 and 1981 convictions be served consecutively. Newton exhausted administrative appeals and filed the instant habeas corpus proceeding on April 29, 1982.[1] The district court denied the requested relief and this court affirms.

■■■■ Newton does not object to the Parole Commission's decision to revoke his parole. Rather, he contends that the Parole Commission acted improperly by refusing to allow a credit for the time spent on parole and by ordering his sentences to run consecutively. However, whether a prisoner is to be given credit for time spent on parole when his grant of parole has been revoked is to be determined by the Commission. 18 U.S.C. § 4210 provides in pertinent part:

(b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that—

\* \* \* \* \* \*

---

1. Newton styled his claim in the district court as a Fed.R.Crim.P. 35 motion. However, because his claim dealt with the manner in which the Parole Commission computed his sentence, rather than with the illegality of the sentence itself, the district court correctly interpreted Newton's claim as a petition for writ of habeas corpus. R. 1, 161; *Wright v. United States* *Board of Parole,* 557 F.2d 74, 77 (6th Cir.1977). Since Newton was in custody at the Federal Correctional Institute in Seagoville, Texas, habeas corpus jurisdiction existed in the Northern District of Texas. *See Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–1130, 35 L.Ed.2d 443 (1972).

(2) In the case of a parolee who has been convicted of a Federal, State or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served *at the time of parole* shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.

(emphasis added). Although section 4210 is not as explicit as its predecessor, the plain language of the statute demonstrates that the measure of time remaining on the defendant's original sentence is the unexpired term remaining to be served by the defendant *at the time he was paroled.*

This interpretation of section 4210(b)(2) is supported by the legislative history of section 4210(b). House Conference Report No. 94–838, U.S.Code Cong. & Admin.News 1976, p. 335 on the Parole Commission & Reorganization Act, Pub.L. 94–233, states:

This subsection also provides that an individual whose parole has been revoked upon conviction of any new criminal offense that is punishable by a term of detention, incarceration or imprisonment in any penal institution *shall receive no credit for service of his sentence from the day he is released on parole until he either returns to federal custody following completion of any sentence of incarceration or upon the Commission determining that the sentence run concurrently with any new sentence that may have been imposed, pursuant to Section 4214(b) or (c) of this Act.*

House Conference Report No. 94–838, Joint Explanatory Statement of the Committee of Conference, at 32. *See* 2 U.S.Code Cong. & Ad.News at 335, 351, 364 (1976) (emphasis

added). Further support can be found in 28 C.F.R. § 2.52(c), the corollary regulation to section 4210(b), which provides:

If the parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall not be credited to service of the sentence . . . .

Finally, it is noted that this Circuit and other circuits have subscribed to the view that a parole violator forfeits his time on parole when he is convicted of a new offense committed subsequent to his release on parole. *See Frick v. Quinlin,* 631 F.2d 37, 39 (5th Cir.1980); *Lambert v. Warden,* 591 F.2d 4, 8 (5th Cir.1979); *Harris v. Day,* 649 F.2d 755, 758–60 (10th Cir.1981); *United States ex rel. Del Genio v. United States Bureau of Prisons,* 644 F.2d 585, 586–88 (7th Cir.1980); and *Wilkerson v. United States Board of Parole,* 606 F.2d 750 (7th Cir.1979). Hence, Newton's claim that the Parole Commission acted improperly in refusing him credit for the time served on parole is rejected.

Newton also claims that the Parole Commission acted improperly by ordering his sentences to be served consecutively. However, section 4210(b)(2) specifically provides that the Parole Commission has the authority to order that the unexpired portion of the first sentence be served concurrently or consecutively with the sentence imposed for the new offense. *See Harris v. Day,* 649 F.2d at 760; *Wilkerson v. United States Board of Parole,* 606 F.2d at 751. Accordingly, Newton's allegation that the Parole Commission erred by ordering his sentences to run consecutively is unfounded.

Finding no error in the district court's dismissal of Newton's habeas corpus petition, this Court affirms.

AFFIRMED.