**John Larry RAY, Petitioner-Appellant,**

v.

**R.D. BREWER, Respondent-Appellee.**

**Darrell HILL, Petitioner-Appellant,**

v.

**Dutch BREWER, Warden, Federal Correctional Institution at Oxford, Wisconsin, Respondent-Appellee.**

**Nos. 85–1964, 86–1312.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 24, 1986.*

Decided Dec. 22, 1986.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

John Larry Ray, Darrell Hill, Oxford, Wis., for petitioner-appellant.

Sheree L. Gowey, Jeffrey Anderson, Asst. U.S. Attys. (Grant C. Johnson, U.S. Atty.), Madison, Wis., for respondent-appellee.

Before CUMMINGS, CUDAHY, and MANION, Circuit Judges.

PER CURIAM.

At issue in these consolidated appeals is whether the habeas corpus petitioners were deprived without due process of the statutory good time awarded to them before their release on parole. In *Hill v. Brewer*, No. 86–1312, the district court vacated its earlier order granting the plaintiff's writ of habeas corpus and dismissed the petition. In *Ray v. Brewer*, No. 85–1964, the district court dismissed the habeas petition and denied petitioner's motion to vacate the dismissal. We affirm both orders for the following reasons.

## I. FACTS

### A. *Hill v. Brewer*

Petitioner Darrell Hill, an inmate at the Federal Correctional Institution at Oxford, Wisconsin, filed a petition for a writ of habeas corpus on August 6, 1984. He alleged that the forfeiture of his good time credits accompanying his parole revocation violated his right to due process. Hill claimed first that he did not receive notice that the forfeiture of the good time he had earned prior to parole release was one of the consequences of parole revocation. Second, he alleged that he did not have any opportunity to be heard in connection with the good time forfeiture. The respondents contended that the federal parole authorities treated previously-earned good time as "used up" once a prisoner was paroled or released. On April 21, 1985, the district court held that Hill had a right to notice and that a writ of habeas corpus would issue unless the respondents demonstrated that Hill had received such notice. The court granted the writ on May 3, 1985, but stayed the writ's execution for 90 days to give the respondents an opportunity to provide Hill with a forfeiture hearing, which was later given on August 1, 1985. The Parole Commission (Commission) again forfeited Hill's good-time credits.

On November 7, 1985, the court held that the pre-decisional component of the hearing was valid, but the court gave the respondents thirty days to show that the Commission properly exercised its discretion. On December 6, 1985, the respondents filed a photocopy of a declaration by Carol Pavilack Getty, the Regional Commissioner for the Northern Central Region of the U.S. Parole Commission. The court examined this declaration, and it subsequently held that because the Commission stated its reasons in acting, it thus properly exercised its discretion. Because this forfeiture hearing comported with due process, the district court vacated its earlier grant of Hill's petition.

This same court recently examined an identical argument in *Conley v. Brewer*, 652 F.Supp. 106 (W.D.Wis.1986). Here, in denying the petition for habeas corpus, the court expressly overruled its opinion in *Hill* and accepted the Commission's justification for not notifying parolees that their good time will be unavailable to them if they are returned to prison to serve a parole violator term. *Conley*, at 110.

### B. *Ray v. Brewer*

Ray also is currently confined at the same penitentiary as Hill. He is serving three sentences: (1) a parole violator term for an eighteen-year sentence imposed on April 23, 1971; (2) a three-year sentence imposed on July 28, 1981, to run consecutively to any previous sentence; and (3) a two-year sentence imposed on January 28, 1983, to run concurrently with any other sentence. Ray was paroled on September 18, 1978, and after he violated his parole, he was given a mandatory revocation hearing. While Ray was credited with all time served on parole, he was not credited for the good time earned prior to his release.

On February 25, 1985, Ray filed his petition for writ of habeas corpus claiming that he was deprived of his good time without a due process hearing. The district court dismissed his petition on April 22, 1985. It held that because good time is earned solely for purposes of an eventual release under 18 U.S.C. § 4163 or § 4164, since Ray chose *parole* release rather than release pursuant to § 4163 or § 4164, his statutory good time no longer existed.

When Ray moved to vacate this judgment on the ground that this decision conflicted with *Hill v. Brewer*, the court denied the motion and held that petitioner's parole revocation was sufficient as it was procedurally more rigorous than that required for forfeiture of good-time credits under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

## II. DISCUSSION

■ We believe that the district court's reasoning in *Conley v. Brewer*, 652 F.Supp. 106 (W.D.Wis.1986) is persuasive. The court in *Conley* pursued an administrative law analysis to give due deference to the Commission's interpretation of its authorizing statute. *See United States v. Clark*, 454 U.S. 555, 565, 102 S.Ct. 805, 811, 70 L.Ed.2d 768 (1982); *Brock v. Dow Chemical USA*, 801 F.2d 926 (7th Cir.1986). We must defer to an agency's construction of its regulation except where compelling indications show that this interpretation is wrong. *United Fire Ins. Co. v. CIR*, 768 F.2d 164 (7th Cir.1985). We find no such indications here.

On November 7, 1985, the Commission issued an interpretive regulation to explain the interaction between the prison good-time statutes, 18 U.S.C. § 4161 *et seq.*, and the parole statutes, 18 U.S.C. § 4201 *et seq.* This regulation [1] demonstrates the Commission's view that all pre-parole good time expires upon a prisoner's release. Noting that there was a controversy over whether pre-parole good-time credits were "used up" by the release of a prisoner on parole or were "forfeited" in connection with a parole revocation decision, the Commission announced its interpretation that the former parole statutes did not give the parole board authority to restore any pre-release good time credits of parole violators. This interpretation of the Commission is not so unreasonable as to mandate our rejection of its view. *See FEC v. Democratic Sena-*

---

1. The regulation provides:

It is the Commission's interpretation of the statutory scheme for parole and good time that the only function of good time credits is to determine the point in a prisoner's sentence when, in the absence of parole, the prisoner is to be conditionally released on supervision.... Once an offender is conditionally released from imprisonment either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

28 C.F.R. § 2.35(b), as amended, 50 Fed.Reg. 46, 282 (November 7, 1985).

*torial Campaign Committee,* 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981). Because the Commission's position is based on a "permissible construction" of the statute, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 464 U.S. 927, 104 S.Ct. 329, 78 L.Ed.2d 300 (1983), we must conclude that the interpretation of good time as "used up" upon parole release is reasonable.

██ Under this construction, the Commission therefore had no duty to notify parolees that their good time will be unavailable to them if they are returned to prison to serve a parole violation term. Moreover, the Commission did not abuse its discretion. *Solomon v. Elsea,* 676 F.2d 282 (7th Cir.1982). Accordingly, since both Hill's and Ray's due process arguments must fail, we affirm the dismissals of their petitions for writs of habeas corpus.

AFFIRMED.