David CULP and Paul Miller,
Petitioners-Appellants,

v.

Patrick KEOHANE,
Respondent-Appellee.

No. 86–5118.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 18, 1986.

Decided July 8, 1987.

Rehearing and Rehearing En Banc
Denied Aug. 21, 1987.

David Culp, pro se.

Paul Miller, pro se.

W. Hickman Ewing, Jr., U.S. Atty., Memphis, Tenn., Colleen Schmidt, for respondent-appellee.

Before MERRITT, JONES and WELLFORD, Circuit Judges.

PER CURIAM.

This pro se habeas corpus appeal was timely filed by David Culp and Paul Miller, both federal prisoners at the correctional institution in Memphis, Tennessee. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).

The petitioners allege that statutory good time credits and extra good time credits they earned during their original prison terms were improperly forfeited by the United States Bureau of Prisons, following their arrests on parole violator warrants and their incarceration after parole revocation. The case was referred to a Magistrate who recommended that the petition be dismissed. Petitioners' objections were considered and overruled by the district court and the Report of the Magistrate was adopted by Order entered November 27, 1985.

Federal prisoners incarcerated as a result of federal convictions earn statutory good time credits pursuant to 18 U.S.C. § 4161, and extra good time credits pursuant to 18 U.S.C. § 4162. Prior to 1976, 18 U.S.C. §§ 4205 and 4207 allowed the forfeiture of those good time credits where a prisoner is incarcerated for parole violation. However, in 1976, Congress enacted the Parole Commission and Reorganization Act, which deleted the language previously authorizing forfeiture. *See* 18 U.S.C. § 4201, *et seq.*

Petitioners argue that because those statutes allowing forfeiture were repealed, the Bureau of Prisons had no statutory authority to forfeit their previously earned good time credits. They also argue that the regulation on which the Bureau relied, 28 C.F.R. § 523.17(c), which allows forfeiture, is unconstitutional because it has no statutory basis. The district court held that Congress, in amending the statute, did not intend to prevent forfeiture of statutory good time credits.

We agree with the district court. There is no authority for petitioners' position that

a prisoner who has been reincarcerated for parole violation must be credited with good time he earned prior to his parole. Rather, the majority of courts follow the general rule that a prisoner is entitled only to the good time credits earned during his parole violator term, as any good time credit earned during his regular term is forfeited upon revocation of his parole. *Bentsen v. Ralston*, 658 F.2d 639, 640 (8th Cir.1981) (*per curiam*); *U.S. ex rel Del Genio v. U.S. Bureau of Prisons*, 644 F.2d 585, 589 (7th Cir.1980), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 870, 66 L.Ed.2d 808 (1981); *Wilkerson v. U.S. Board of Parole*, 606 F.2d 750, 751 (7th Cir.1979) (*per curiam*). Once a prisoner's release is revoked because of his violation of parole conditions, the Parole Commission has the authority to forfeit good time credits. *Lambert v. Warden, U.S. Penitentiary*, 591 F.2d 4, 8 (5th Cir.1979) (*per curiam*).

Accordingly, it is ORDERED that the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(3).

---

Before WILLIAM J. BAUER, Chief Judge, CUMMINGS, WOOD, CUDAHY, POSNER, COFFEY, FLAUM, EASTERBROOK, and MANION, Circuit Judges, and SWYGERT,* Senior Circuit Judge.**