876 F.2d 895
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Issac W. THOMAS, Petitioner-Appellant,
v.
Patrick W. KEOHANE, Warden, Respondent-Appellee.
 Nos. 88-6216, 88-6318.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 In these consolidated appeals, Issac W. Thomas, a pro se federal prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2244. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thomas, who is currently serving his sentence at the federal correctional facility in Memphis, Tennessee, was convicted of assault with intent to commit murder on a government reservation and was sentenced to twenty years imprisonment. He was paroled on August 7, 1979. On March 12, 1982, he was convicted of possession of cocaine with intent to distribute by a New Jersey state court and was sentenced to five years imprisonment. Following the issuance of a parole violation warrant by the Parole Commission, Thomas was returned to federal custody on June 10, 1983. After Thomas refused to appear at a scheduled parole revocation hearing, the Commission revoked Thomas' parole and ordered that none of the time he had spent on parole would be credited toward service of his sentence. The Commission also decided to complete Thomas' case only when he was willing to appear.
 
 
 3
 Thomas has filed two previous petitions for habeas corpus relief in the district court, both of which were dismissed for failure to exhaust administrative remedies. The prior district court judgments were affirmed by this court in Case No. 88-5867 and Case No. 85-6085.
 
 
 4
 Thomas filed this third action for a writ of habeas corpus on August 7, 1987. Thomas alleged that: (1) due to the failure of the Parole Commission to give him (a) credit for good time earned prior to parole and (b) credit for the time he spent in state custody while on federal parole, he had already served his full sentence; and (2) he has exhausted his administrative remedies since he had tried to mail various appeals ("forms BP 8, 9, 10, and 11"), but they have been returned to him without any action because the prison personnel had interfered with the departure of his mail from the prison. The matter was referred to a magistrate who found that, even if Thomas had exhausted his administrative remedies, he would not prevail on the merits of his claim because: (1) once a prisoner's release is revoked because of a parole violation, the parole commission has authority to forfeit his good time credit and (2) a prisoner is not entitled to the time spent in state custody as a credit against his parole violator time. After a timely objection to the magistrate's report, the district court reviewed the files and records, adopted the magistrate's report and dismissed the petition for habeas relief.
 
 
 5
 Thereafter, Thomas filed two notices of appeal, a timely notice of appeal in Case No. 88-6216 and an untimely notice of appeal in Case No. 88-6318. On appeal Thomas has raised the issues which were before the district court, as well as several others, including: (1) the Parole Commission lacked jurisdiction over his case; (2) he was transferred illegally from the federal correctional facility in Otisville, New York, to the correctional facility in Memphis Tennessee, in order to deprive him of his constitutional rights; (3) government employees are conspiring as a class to keep him in prison; and (4) criminal charges should be brought against the federal employees for conspiring to keep him in prison illegally.
 
 
 6
 Thomas' notice of appeal in Case No. 88-6318 is untimely as it was filed more than 60 days after the entry of judgment by the district court. In civil cases, where the United States is a party, the notice of appeal must be filed within 60 days after the entry of judgment by the district court. Fed.R.App.P. 4(a)(1). Thus, this case must be dismissed for lack of jurisdiction.
 
 
 7
 Regarding Thomas' timely appeal in Case No. 88-6216, this court has previously affirmed the district court's dismissal of Thomas' prior habeas corpus petitions based upon the well-established principle that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas corpus relief may be granted. Little v. Hopkins, 638 F.2d 953 (6th Cir.1981). However, since Thomas now alleges that prison personnel are interfering with his attempt to exhaust his administrative remedies by stopping his mail, we will address Thomas' appeal on the merits.
 
 
 8
 The thrust of Thomas' claim for relief is that he has been denied credit for the good time which he earned prior to parole and has been denied credit for the time he spent in state custody while on federal parole. However, a prisoner is entitled only to the good time credits earned during his parole violator term, since good time credit earned during his regular term is forfeited upon revocation of his parole. Culp v. Keohane, 822 F.2d 641, 642 (6th Cir.1987) (per curiam); Bentsen v. Ralston, 658 F.2d 639, 640 (8th Cir.1981) (per curiam). Further, a parole violator forfeits his time on parole when he is convicted of a new offense committed subsequent to his release on parole. United States v. Newton, 698 F.2d 770, 772 (5th Cir.1983). Moreover, if a federal prisoner commits a state offense for which he is convicted and sentenced, imprisonment under the second offense in a state penitentiary does not count as time served as part of his original sentence. Hash v. Henderson, 385 F.2d 475, 477 (8th Cir.1967); Weeks v. Quinlan, 838 F.2d 41, 42 (2d Cir.1988). Finally, time spent in state custody does not affect the computation of the expiration date of the parole violator's term, but it may be applied as credit for purposes of satisfying the reparole guidelines. Bowen v. United States Parole Comm'n, 805 F.2d 885, 888 (9th Cir.1986). Thus, we conclude that the Parole Commission has not denied Thomas any of the credit to which he is entitled, either in terms of good time earned before parole or time served in state custody.
 
 
 9
 Further, although Thomas claims that prison officials are interfering with his mail, this is a Bivens-type civil rights claim which is not cognizable under habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).
 
 
 10
 Finally, Thomas has raised a number of new issues on appeal which were never presented to the district court; they will not, therefore, be addressed for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1987).
 
 
 11
 Accordingly, Thomas' appeal docketed under Case No. 88-6318 is hereby dismissed for lack of jurisdiction under Rule 9(b)(1), Rules of the Sixth Circuit; and the district court's judgment under review in Case No. 88-6216 is affirmed for the reasons stated by the court in its judgment of dismissal of August 12, 1988. Rule 9(b)(5), Rules of the Sixth Circuit.