**John RASCO, Petitioner,**

v.

**A.F. BEELER, Warden, Metropolitan Correctional Center, Chicago; The Federal Bureau of Prisons, Respondents.**

No. 89 C 3280.

United States District Court,
N.D. Illinois, E.D.

March 14, 1990.

Sharon G. Kramer, Chicago, Ill., for petitioner.

Anton R. Valukas, U.S. Atty. by Charles E. Ex, Asst. U.S. Atty., Civ. Div., U.S. Dept. of Justice, Chicago, Ill., for respondents.

## ORDER

BUA, District Judge.

Petitioner John Rasco is currently in federal custody. Claiming that the Federal Bureau of Prisons ("FBP") has miscalculated the date he is to be released from prison, Rasco petitions this court for a writ of habeas corpus.[1] For the reasons stated herein, the court denies Rasco's petition.

## I. FACTS

Rasco has an extensive criminal history; he has been in and out of jail for the past twenty years. On April 10, 1970, Rasco was initially sentenced to thirty days of imprisonment, an eight-year suspended sentence, and three years of probation for interstate transportation of forged securities. Rasco subsequently violated the terms of probation and, on January 19, 1971, he was ordered to serve the eight-year suspended sentence. On December 13, 1972, Rasco received a three-year term of imprisonment for concealment of assets in bankruptcy. The three-year sentence was to be served concurrently with the previously imposed eight-year sentence. Rasco's eight-year sentence, however, was vacated on appeal. He was resentenced in 1973 and given a six-year term of confinement.

Rasco was paroled on September 25, 1973. Since that time, he has consistently returned to prison on parole violations and convictions for various other crimes. Rasco's most recent sentence is a five-year term of imprisonment imposed on September 9, 1987, for violating 18 U.S.C. § 215. He is currently serving that sentence at the Metropolitan Correctional Center in Chicago, Illinois.

1. On June 15, 1989, this court dismissed Rasco's petition for failure to exhaust administrative remedies. Rasco then filed a motion for reconsideration, which was referred to Magistrate Weisberg for a report and recommendation. While the parties were briefing the motion, Rasco exhausted his appeals within the federal prison system. Consequently, Magistrate Weisberg recommended that this court grant Rasco's motion for reconsideration. The court hereby adopts the magistrate's report and recommendation, and now reaches the merits of Rasco's habeas petition.

## II. DISCUSSION

In support of his request for immediate release, Rasco contends that the FBP erroneously computed his statutory good time on the basis of eight days per month rather than ten days per month. In addition, Rasco claims that he should not have been denied meritorious good time while he was released on a writ of habeas corpus *ad prosequendum*.[2]

### A. Statutory Good Time

The FBP has been crediting Rasco with statutory good time at a rate of eight days per month. But Rasco claims that he is entitled to ten days per month of statutory good time, and that he would already have completed his sentence were it not for the alleged miscalculation.

For crimes committed before November 1, 1987, a prisoner can earn eight days of statutory good time per month if his sentence is between five and ten years. 18 U.S.C. § 4161. If the sentence is ten years or more, then a prisoner may accumulate ten days of statutory good time per month. *Id.* Rasco currently is serving a five-year sentence concurrent to his 1973 sentence, which had since become a parole violator term. For purposes of determining Rasco's aggregate sentence, both parties agree that the following FBP policy statement is applicable:

A new concurrent sentence imposed after a violator term has begun and having a full term date greater than the violator term will be aggregated into one sentence. The rate of [statutory good time] will be determined by adding the time served originally on what has since become a violator term to this aggregate

for a total. The rate applicable to that total will be authorized.

Federal Bureau of Prisons, Policy Statement No. 5880.17(5)A(2). By adding Rasco's five-year concurrent sentence to the time he had already served under the parole violator term—*i.e.*, four years, ten months, and twenty-four days—the FBP concluded that Rasco's total sentence is nine years, ten months, and twenty-four days. *See* Affidavit of Larry F. Dupont, at 3–4. Since that total is under ten years, the FBP credited Rasco with eight days per month of statutory good time. *See* 18 U.S.C. § 4161.

Rasco now claims that the FBP's calculations are erroneous. According to Rasco, the calculations should have included the period from October 24, 1980, to April 6, 1981, when he was on parole.[3] If this six-month period were included in the FBP's computation, Rasco contends, then his aggregate sentence would exceed ten years and he would be entitled to ten days of statutory good time per month. In deciding that Rasco should not be credited for the time he spent on parole, the FBP relied on policy statement No. 5880.17(5)A(2). That statement explicitly states that statutory good time is to be determined based on the "time served" under the parole violator term. Federal Bureau of Prisons, Policy Statement No. 5880.17(5)A(2). Although "time served" is not expressly defined, the FBP has equated time served with physical confinement. In the absence of any evidence indicating that this interpretation is unreasonable, the FBP's construction of its own policy statement is entitled to deference. *See United States v.*

---

**2.** In his original brief, Rasco also raised an argument concerning the six-year sentence he received on May 25, 1973. That sentence was imposed after his prior eight-year sentence was vacated on appeal. Rasco argued that the six-year sentence was meant to apply *nunc pro tunc*, meaning that it commenced running on the date he began serving the earlier eight-year sentence. The FBP refused to apply the sentence *nunc pro tunc*, arguing that it did not relate back to the date on which the eight-year sentence was imposed. In any event, the issue is moot. As indicated in Petitioner's Brief, Apr. 25, 1989, at 9 (Chart # 1), Rasco completed the

sentence at issue by August 1988, and he is now serving time under his 1987 conviction for bribing a bank official. Even if Rasco's 1973 sentence were applied *nunc pro tunc*, his presently scheduled release date would not be affected.

**3.** Rasco initially argued that the FBP failed to credit him with the time that he served between August 6, 1986, and September 9, 1987. Rasco later abandoned the argument, conceding that the FBP had in fact included that time period in its calculations. *See* Petitioner's Brief, Nov. 28, 1989, at 1–2.

*Clark,* 454 U.S. 555, 565, 102 S.Ct. 805, 811–12, 70 L.Ed.2d 768 (1982); *Ray v. Brewer,* 808 F.2d 19, 21–22 (7th Cir.1986) (per curiam); *Conley v. Brewer,* 652 F.Supp. 106, 109–10 (W.D.Wis.1986).

■ Rasco has failed to cite any authority, even remotely analogous to this case, which supports his position. The statutory provision governing good time allowance only refers to prisoners who are "*confined* in a penal or correctional institution for a definite term." 18 U.S.C. § 4161 (emphasis added). Moreover, a prisoner who has been returned to custody after violating parole is not automatically entitled to credit for good time which he accrued prior to the parole. *United States ex rel. Del Genio v. United States Bureau of Prisons,* 644 F.2d 585, 589 (7th Cir.1980), cert. denied, 449 U.S. 1084, 101 S.Ct. 870, 66 L.Ed.2d 808 (1981); *Wilkerson v. United States Bd. of Parole,* 606 F.2d 750, 751 (7th Cir.1979); *Culp v. Keohane,* 822 F.2d 641, 642 (6th Cir.1987) (per curiam).

This court, therefore, sees no reason why Rasco should be entitled to ten days per month of statutory good time. Giving Rasco full credit for time served, he is only entitled to eight days of statutory good time per month.

### B. *Meritorious Good Time*

■ Rasco also claims that he should have been credited with meritorious good time from December 24, 1986, to October 15, 1987. During that time period, Rasco was released from a community treatment center in Chicago, Illinois, on a writ of habeas corpus *ad prosequendum.* He was taken to Springfield, Illinois, to stand trial on bribery charges. Rasco was subsequently convicted and sentenced to five years of imprisonment.

The FBP awards meritorious good time based upon exceptional work performance or meritorious service. 28 C.F.R. § 523.10 (1989). "Work performance or the importance of the work performed is the only criteria for awarding meritorious good time." 28 C.F.R. § 523.11(a) (1989). As Rasco points out, meritorious good time is not automatically terminated when an in-

mate is released on a writ of habeas corpus. *See* 28 C.F.R. § 523.17(g) (1989). But an inmate is not entitled to meritorious good time solely because he may have received it in the past. Indeed, the FBP has the authority to discontinue an inmate's meritorious good time allowance if the "inmate's behavior warrants such action." *Id.; see also* 28 C.F.R. § 523.17(e) (1989). Rather than performing meritorious service at the community treatment center, Rasco engaged in criminal activity. In light of Rasco's behavior, the FBP's decision to discontinue his meritorious good time was entirely reasonable.

### III. CONCLUSION

For the foregoing reasons, Rasco's petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.