9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone THOMPSON, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-5472.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 Before: JONES and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Tyrone Thompson, a pro se federal prisoner, appeals a district court judgment denying his petition for habeas relief filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1975, Thompson was sentenced to fifteen years imprisonment for armed bank robbery. He was first paroled on April 4, 1980. Parole was revoked, however, on March 26, 1981, due to his unauthorized use of narcotics and his failure to participate in a drug rehabilitation program. Thompson was paroled a second time on March 31, 1981. Parole was revoked on December 7, 1981, for the same reasons as before.
 
 
 3
 Thompson was paroled a third time on December 17, 1981, and his parole was revoked in November 1987 due to his consistent drug use and a conviction for driving under the influence of alcohol. Because of his criminal conviction, the Parole Commission refused to give Thompson credit towards his sentence for time spent on parole as they had done for him previously. A fourth parole in March 1990 was revoked in June 1990. His sentence was not credited with the time served during this parole because he had absconded from parole supervision.
 
 
 4
 After exhausting his available administrative remedies, Thompson filed a petition for habeas relief under Sec. 2241, essentially arguing that the Parole Commission should have shortened his sentence with "good time" credits he had earned during his incarceration and with the street time he had spent on parole during his third and fourth release periods. The district court dismissed the petition as without merit. Thompson then filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e) which the district court denied. He then filed a notice of appeal and moved for leave to proceed in forma pauperis on appeal, which the district court construed as a motion for a certificate of probable cause. The district court subsequently denied the motion.
 
 
 5
 In his brief, Thompson appears to argue that: 1) he should be released because he has fulfilled his sentence; 2) the district court improperly denied him a certificate of probable cause; and 3) the district court erroneously denied the motion for reconsideration. He has moved for the appointment of counsel and for oral argument.
 
 
 6
 Upon review, we affirm the district court's judgment. Findings of fact of the United States Parole Commission in granting or denying parole are not subject to review. See Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). Rather, the court's review is limited to whether a rational basis exists for the Commission's conclusion. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). The Commission properly denied Thompson credit for his good time earned while incarcerated, see Culp v. Keohane, 822 F.2d 641, 642 (6th Cir.1987) (per curiam), as well as his street time spent while released on parole. See Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir.), cert. denied, 493 U.S. 856 (1989). Thompson's remaining arguments are unavailing.
 
 
 7
 Accordingly, we deny Thompson's requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.