**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-40586
(Summary Calendar)

CLIFFORD BAILEY,

Petitioner-Appellant,

versus

BUREAU OF PRISONS; US PAROLE
COMMISSION,

Respondents-Appellees,

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-612

June 19, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges

PER CURIAM:[*]

Clifford Bailey, federal prisoner # 96375-131, appeals the district court's dismissal of his 28

U.S.C. § 2241 petition for habeas corpus relief and the district court's denial of Bailey's motion for

reconsideration. In 1973, Bailey was sentenced to a 23-year term for bank robbery and a 4-year term

for attempted escape, to be served concurrently. In 1977, he was sentenced to a five-year term for

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

escape, to be served consecutively to the 1973 sentences; the sentences were aggregated for a total 28-year term. Bailey was paroled on this aggregate 28-year sentence in 1981, but he was subsequently convicted for his participation in a heroin distribution conspiracy and was sentenced to 15 years' imprisonment. The United States Parole Commission had lodged a parole violator warrant as a detainer, and ordered revocation of Bailey's parole, that Bailey be denied credit for time spent on parole, and that Bailey serve the remainder of the original 28-year sentence consecutively to the intervening 15-year sentence.

Bailey began serving the remainder of his 28-year sentence upon execution of the parole violator warrant when he was released from his 15-year intervening sentence in 1996. Bailey's petition argues that his continued confinement is unlawful because his 15-year sentence and the parole violator term were "aggregated" and that the execution of the parole violator warrant and commencement of the parole violator term in 1996 effected a "deaggregation" of his sentences.

In the context of habeas petitions, this court reviews the district court's determinations of law de novo; findings of fact are reviewed for clear error. Venegas v. Henman, 126 F.3d 760, 761 (5th Cir. 1997).

Bailey's petition is without merit. The Parole Commission has the authority to determine whether a prisoner is to be given credit for time spent on parole when parole has been revoked. United States v. Newton, 698 F.2d 770, 771-72 (5th Cir. 1983). "[T]he measure of time remaining on the defendant's original sentence is the unexpired term remaining to be served by the defendant *at the time he was paroled*." Newton, 698 F.2d at 772. "[A] parole violator forfeits his time on parole when he is convicted of a new offense committed subsequent to his release on parole." Id. (citations omitted). Further, "the Parole Commission has the authority to order that the unexpired

2

portion of the first sentence be served concurrently or consecutively with the sentence imposed for the new offense." Id. Thus, it was not unlawful for the Parole Commission to order Bailey to serve the remainder of the unexpired portion of the 28-year sentence, consecutive to his release from the intervening 15-year sentence. The record does not show, as Bailey suggests, that the intervening 15-year sentence and the parole violator term were "aggregated" such that they would be deemed served concurrently. Further, the Parole Commission's correction of a clerical error in the parole violator warrant to reflect the correct number of days remaining to be served on the 28-year sentence did not effect any "deaggregation" of Bailey's sentences or unlawfully lengthen Bailey's sentence. Bailey's other arguments all relate to his claim that the 15-year sentence and the parole violator term were "aggregated;" these arguments are without merit and are rejected.

The judgment of the district court is AFFIRMED.