UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2006[*]
Decided November 6, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1242

| | |
|---|---|
| MARK W. SCHMANKE, <br> *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05 C 2444 |
| SILAS IRVINS and UNITED STATES PAROLE COMMISSION, <br> *Respondents-Appellees.* | Milton I. Shadur, <br> *Judge.* |

**O R D E R**

In 1988 Mark Schmanke was sentenced to 20 years for mail fraud. *See United States v. Schmanke*, 933 F.2d 1012 (7th Cir. 1991). After being paroled three times and having all three paroles revoked, he was paroled for a fourth time in 2002. In July 2005 his parole was revoked yet again after the U.S. Parole Commission found that he violated the conditions of his release based on: (i) charges of hit and run, resisting arrest, reckless driving, and operating a vehicle while

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

intoxicated ("DUI") in February 2005, and (ii) a 2003 DUI conviction. Schmanke filed an administrative appeal, which was unsuccessful, and he subsequently filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court dismissed his petition and denied his motion to reconsider. He now appeals.

We review the district court's decision to deny Schmanke's § 2241 petition *de novo*. *See Parsons v. Pitzer*, 149 F.3d 734, 736 (7th Cir. 1998). The Commission has wide discretion to make parole determinations, and federal courts will grant habeas corpus relief only where no rational basis exists in the record for the Commission's conclusion. *See Slader v. Pitzer*, 107 F.3d 1243, 1246 (7th Cir. 1997); *Walrath v. Getty*, 71 F.3d 679, 684 (7th Cir. 1995); *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982) *(per curiam)*. Under this standard, we must affirm the decision of the district court.

On appeal Schmanke initially argues that the Commission's decision should be overturned because it did not provide him with the documents that would be used to revoke his parole at least 30 days prior to the revocation hearing, in violation of 18 U.S.C. § 4208(b).[1] But Schmanke did not raise this issue in the district court, so he has forfeited it on appeal. *See Perruquet v. Briley,* 390 F.3d 505, 517 (7th Cir. 2004). Moreover, neither Schmanke nor his attorney raised this issue before the Appeals Board, and a federal prisoner must exhaust his administrative remedies before seeking habeas relief under § 2241. *See Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *Greene v. Meese*, 875 F.2d 639, 640-41 (7th Cir. 1989); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986). Failure to do so can be excused only upon a showing of cause and prejudice. *See Sanchez*, 792 F.2d at 699. Schmanke has shown no external factor which prevented him or his attorney from raising the issue during his administrative appeal, and therefore the cause requirement has not been met. *See Murray v. Carrier,* 477 U.S. 478, 488 (1986). Further, his general assertion that the late disclosure of the revocation materials precluded him from presenting witnesses—without explaining who they would be and the contents of their proposed testimony—is not enough to demonstrate prejudice. *See United States v. Frady*, 456 U.S. 152, 170 (1982) (to establish prejudice a petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage") (emphasis in original).

---

[1] Because Schmanke's crimes were committed before the November 1, 1987 effective date of the Sentencing Reform Act of 1984 ("SRA"), he is subject to the sentencing rules in place prior to the passage of the SRA—18 U.S.C. §§ 4201-4218. *See Norwood v. Brennan*, 891 F.2d 179, 181 (7th Cir. 1989); *Bledsoe v. United States*, 384 F.3d 1232, 1234 (10th Cir. 2004).

Schmanke next argues that the Commission violated his Sixth Amendment right of confrontation, as set forth in *Crawford v. Washington*, 541 U.S. 36 (2004), and his more limited due process right of confrontation when it considered a witness's statement about the alleged 2005 hit and run without requiring the witness to testify at the revocation hearing. But parole revocations are not criminal prosecutions for Sixth Amendment purposes, so *Crawford* is inapplicable. *See United States v. Kelley*, 446 F.3d 688, 692 (7th Cir. 2006); *United States v. Hall*, 419 F.3d 980, 985-86 (9th Cir. 2005). And turning to the due process claim, we have held that hearsay is admissible at revocation hearings as long as it is reliable. *See Kelley*, 446 F.3d at 692; *United States v. Pratt*, 52 F.3d 671, 675 (7th Cir. 1995). The statement at issue here is from a witness who observed a grey pickup truck strike another vehicle and flee the scene. The witness followed the truck and read the license plate to a police dispatcher. The statement is reliable because it was corroborated by the testimony of Officer Buonadonna at the revocation hearing. Buonadonna testified that on February 23, 2005, he responded to a dispatch call for a hit and run. He spotted a truck matching the dispatcher's description—it was Schmanke's—and observed Schmanke run a stop sign. The officer then gave chase and Schmanke sped through another five stop signs, drove on the wrong side of the road, and veered onto the sidewalk before getting out of his truck and running away. The officer chased Schmanke and eventually apprehended him. The officer testified that Schmanke admitted that he was in an accident and had fled the scene. The officer further testified that Schmanke's eyes were bloodshot, that he smelled of alcohol, and that he was swaying. Schmanke refused to take a sobriety test but admitted that he drank four beers. Officer Buonadonna's testimony is enough to establish the reliability of the witness's hearsay statement, so its consideration was not erroneous.

Schmanke additionally argues that the Appeals Board relied on false information in denying his appeal. Specifically, Schmanke claims the Appeals Board made two erroneous statements in its written decision: first, that his parole was revoked in 1998 based on a DUI conviction, and second, that he admitted using marijuana while operating a vehicle at his 2001 revocation hearing. For this court to reject Schmanke's challenge, the Commission's findings need only be supported by "some evidence." *See Moore*, 368 F.3d at 760; *Kramer v. Jenkins*, 803 F.2d 896, 901 (7th Cir. 1986). While Schmanke was not actually *convicted* of drunk driving in 1998, the district court order dismissing the § 2241 challenge to his 1998 revocation states that he admitted to the charge. *See Schmanke v. Graber*, No. 99-C-3010 (N.D. Ill. Nov. 1, 1999). Second, even if Schmanke did not admit to driving under the influence of marijuana at his 2001 revocation hearing, two district courts have found that the Commission had a sufficient factual basis to conclude that he used marijuana around the time he got into a car accident in 2001. *See Schmanke v. Hemingway,* No. 02-CV-40028 (E.D. Mich. Sept. 30, 2002); *Schmanke v. United*

*States Parole Comm'n,* No. 2:02-CV-0384 (N.D. Ind. Jan. 21, 2003). These courts pointed to the fact that two witnesses told police that around the time of his car accident they saw Schmanke put a cigarette on the ground which later tested positive for marijuana. Therefore there was "some evidence" to conclude that Schmanke drove while under the influence of alcohol in 1998 and drove under the influence of marijuana in 2001.

We can easily dispose of Schmanke's remaining five arguments. First, his argument that the Commission should have credited against his sentence the time he spent on parole is without merit. When a parolee has been convicted of a new offense subsequent to his release on parole, forfeiture of street time is an automatic statutory penalty. *See* 18 U.S.C. § 4210(b); *United States ex rel. Del Genio v. United States Bureau of Prisons,* 644 F.2d 585, 588 (7th Cir. 1980); *Wilkerson v. United States Bd. of Parole,* 606 F.2d 750, 751 (7th Cir. 1979). Of course, Schmanke already knows this because he made the same argument in his § 2241 petition challenging his 2001 parole revocation. *See Schmanke v. Hemingway,* No. 02-CV-40028 (E.D. Mich. Sept. 30, 2002).

Second, his argument that he should get credit for the good time earned during previous periods of incarceration also fails; good time is relinquished as soon as a prisoner is paroled. *See Ray v. Brewer,* 808 F.2d 19, 22 (7th Cir. 1986); *Wilkerson,* 606 F.2d at 751.

Third, Schmanke incorrectly asserts that the Commission erred by not reviewing his file within two years of his 2002 parole, as required by 18 U.S.C. § 4211(b). But the Commission reviewed his status one year later after he was convicted of DUI in 2003. And even if the Commission had not timely reviewed Schmanke's file, he is not entitled to a writ of habeas corpus for tardy Commission actions; he can only compel review of his case through a mandamus action. *See Pullia v. Luther,* 635 F.2d 612, 617 (7th Cir. 1980) (cited with approval in *Valona v. United States Parole Comm'n,* 235 F.3d 1046, 1047-48 (7th Cir. 2000)).

Fourth, his argument that the Commission erred by not considering the sentencing laws and guidelines promulgated by the 1984 Sentencing Reform Act ("SRA")—which he believes would have resulted in his release from supervision—is meritless. The Commission was not bound to consider the SRA because Schmanke committed his crimes in 1982 and 1983 and the SRA applies only to offenders who committed their offenses after November 1, 1987. *See Norwood v. Brennan,* 891 F.2d 179, 181 (7th Cir. 1989); *Bledsoe v. United States,* 384 F.3d 1232, 1234 (10th Cir. 2004).

Finally, Schmanke argues that the Commission failed to consider the mitigating evidence he submitted at his revocation hearing, which included letters from family members and information about his construction business. Under 18 U.S.C. § 4207, the Commission must consider any relevant information the prisoner submits. A review of the hearing summary reveals that the Examiner took Schmanke's materials at the end of the hearing, and there is nothing to suggest that she did not consider them.

AFFIRMED.