441 F.2d 1377
 James Virgil COUNTS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 71-1118 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 May 7, 1971.
 
 James V. Counts, pro se.
 Roby Hadden, U.S. Atty., Dale Long, Asst. U.S. Atty., Tyler, Tex., for respondent-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the denial of a petition in the nature of coram nobis, filed by a federal prisoner. The facts and applicable law are well stated in the previously unpublished memorandum opinion of the district court. Finding no error therein,[1] we adopt that order as the opinion of this Court, and append it hereto.
 
 
 2
 Affirmed.
 
 APPENDIX
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS TYLER DIVISION
 
 JAMES VIRGIL COUNTS
 CIVIL ACTION
 
 4
 versus
 
 No. 4997
 UNITED STATES OF AMERICA
 ORDER
 
 5
 Petitioner was sentenced on August 28, 1952, on guilty pleas entered to bank burglary charges pending in the Tyler and Beaumont Divisions of this court. Petitioner now seeks to have judgment and sentence vacated, pursuant to Title 28, U.S.C.A., Section 2255, alleging that the court failed to comply with Rule 11, F.R.Crim.P., in not informing him of the maximum punishment possible under the two, two-count indictments and that he was misled by his retained counsel into entering his guilty pleas.
 
 
 6
 Procedurally, this motion is not properly within the scope of Section 2255 since petitioner has completed serving the sentence he now seeks to have vacated. It is apparent, however, that although the term of punishment has been completed, the results of conviction persist in that petitioner is presently serving a sentence imposed in 1954, to run consecutive to the sentence he now attacks. Accordingly, this court will treat petitioner's motion as an application for a writ in the nature of coram nobis. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Gordon v. United States, 216 F.2d 495 (5th Cir. 1954); United States v. Capsopa, 260 F.2d 566 (2d Cir. 1958).
 
 
 7
 Fate has determined that, aside from petitioner's testimony, there should be no positive, factual proof of what transpired when he entered his pleas of guilty on August 28, 1952. No transcript of proceedings is available because of the death of the court reporter shortly after this date. The presiding judge and prosecuting attorney are also now deceased. There is only the testimony of petitioner's retained counsel to refute petitioner's allegations. The attorney testified that although he had no independent recollection of all of the events relating to this particular case, he does recall how impressed he was with the caution with which the presiding judge accepted the pleas of other defendants who were arraigned on that day. In his best recollection, all defendants who entered guilty pleas were given a full admonition of the consequences of their pleas, and he was certain that the judge used the same degree of caution with petitioner.
 
 
 8
 The attorney further testified that he made no arrangement with the United States District Attorney concerning the sentence to be imposed should petitioner enter a guilty plea. He stated:
 
 
 9
 'I've been practicing law forty years now, and I have never heard of a United States District Attorney discussing the number of years-- or recommendations-- because I've never heard of a United States District Attorney ever recommending, neither in this district nor in any other district, the amount of penalty to be given-- never. * * * I think it would be rather futile to even discuss it with the United States Attorney because I've never heard of one making a recommendation-- I don't think they do.'
 
 
 10
 It is the opinion of this court that the Government has met its burden in demonstrating that petitioner entered his plea voluntarily and with an understanding of the nature of the charge against him. Strict compliance with Rule 11, F.R.Crim.P., is not required in this instance, since petitioner's guilty plea was accepted prior to the United States Supreme Court decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968). In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1968), the Supreme Court declined to give retroactive effect to the standard announced in McCarthy.
 
 
 11
 It is likewise the opinion of this court that petitioner was not misled in entering his pleas of guilty. Correspondence introduced at the hearing between petitioner and his retained counsel indicated that petitioner was well aware that charges pending in the Western District of Oklahoma were not taken up with the other charges to which he entered guilty pleas. This evidence of petitioner's knowledge as to what actually transpired, together with the record, indicated that petitioner was adequately advised of the nature and extent of all charges to which he was entering guilty pleas. Accordingly, it is
 
 
 12
 ORDERED that petitioner's application for the writ be, and it is hereby, denied.
 
 
 13
 SIGNED and ENTERED this 12th day of October, 1970.
 
 WILLIAM WAYNE JUSTICE
 UNITED STATES
 DISTRICT JUDGE
 
 
 [1]
 The original record in this case was destroyed in a fire in the office of the Clerk of this Court. Both parties to this appeal have submitted reconstructed records, and the decision of this Court is based on consideration of all documents furnished