Robert GRENE, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71–1324

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Robert Grene, pro se.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Richard H. Still, Jr., Asst. U. S. Atty., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Grene appeals from the dismissal of his Rule 60(b)[1] motion for relief from judgment. We affirm.

Although his sentence had been completely served, appellant sought to set aside his 1963 federal conviction on the ground that he had been denied his right to a fair trial, in that one of the witnesses called to testify against him later confessed to having given perjured testimony.

The district court correctly held that the appellant's proper remedy was an application for a writ of error coram nobis, pursuant to 28 U.S.C. § 1651, rather than an independent action to obtain relief under Rule 60(b), Federal Rules of Civil Procedure. Despite the express abolition in that Rule of the extraordinary writ of error coram nobis in federal civil actions, it is still availa-

---

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Federal Rules of Civil Procedure.

ble with respect to criminal convictions under 28 U.S.C. § 1651, United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; United States v. Norman, 6 Cir., 1968, 391 F.2d 212, cert. denied, 1968, 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163; Owensby v. United States, 10 Cir., 1965, 353 F.2d 412, cert. denied, 1966, 383 U.S. 962, 86 S.Ct. 1234, 16 L.Ed.2d 305.

Accordingly, Grene should have raised his contentions in the *sentencing* court, the only one which could grant relief in the nature of coram nobis relative to a criminal conviction.

The judgment of the District Court is Affirmed.