**Eric SIMMONS, Petitioner,**

v.

**UNITED STATES PAROLE COMMIS-
SION, Respondent.**

**Civ. A. No. 84–2311.**

United States District Court,
District of Columbia.

Aug. 31, 1984.

Eric Simmons, pro se.

Joseph E. diGenova, U.S. Atty., and John C. Martin, Asst. U.S. Atty., Washington, D.C., for respondent.

## OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

The Court has before it plaintiff's Petition for a writ of habeas corpus, as well as plaintiff's motion for default judgment and motion requesting assistance of counsel. Upon consideration of the foregoing, and of the government defendant's return and answer to this Court's Order to Show Cause, the Court has reached the decision following.

Plaintiff's motion for a default judgment is plainly inappropriate in this

case. Plaintiff claims he is entitled to default because the government failed to respond to his complaint within twenty days. Such a claim is completely without merit, as under the Federal Rules of Civil Procedure the government has sixty days in which to respond to a complaint. Fed.R. Civ.P. 12(a). Even had the time limit passed, plaintiff still would not be entitled to default. Before a default judgment can be entered against the United States government, or an officer or agency thereof, plaintiff must "establish his claim or right to relief by evidence satisfactory to the Court." Fed.R.Civ.P. 55(e). Plaintiff has not provided this Court with any evidence whatsoever which would dictate the granting of a default judgment.

Upon consideration of the petition itself, this Court concludes that the petition is completely frivolous and without merit. Petitioner was sentenced on March 22, 1976 by this Court to a term of six years imprisonment. Subsequently, on August 5, 1976, the United States District Court for the Eastern District of Virginia sentenced the petitioner to an additional term of ninety days to run consecutively with the sentence already imposed by this Court. Petitioner's full term would have expired on June 19, 1982.

Petitioner was released on parole on March 23, 1979. Thereafter, he was arrested for a new offense in October, 1980, and for another separate offense in July, 1981. The Parole Commission issued a parole violation warrant on July 24, 1981. This warrant was lodged as a detainer with the District of Columbia Department of Corrections, where the petitioner was imprisoned as a result of the latter two arrests. Petitioner plead guilty to the October, 1980 charge, and on December 1, 1981, was sentenced by the Superior Court of the District of Columbia to a term of 180 days. He subsequently received, on May 10, 1982, a sentence of three to nine years on the July, 1981 offense, also by the Superior Court.

On October 23, 1983, a dispositional parole hearing was held. The result of this hearing was to revoke petitioner's parole from his two federal convictions. It was also decided not to credit petitioner with the time he spent on parole. His presumptive re-parole date was set at July 20, 1988. If released from the District of Columbia sentences prior to that date, the detainer would be executed and petitioner would be required to remain in prison until re-parole.

■ Petitioner contends that the Commission acted improperly when it decided to forfeit the time petitioner spent on parole. This argument completely ignores the provisions of the Parole Commission and Reorganization Act which specifically state that a parolee convicted of a new offense while on parole may be required to serve all or any part of the unexpired term of the sentence originally imposed. 18 U.S.C. § 4210(b)(2). The Commission was acting within its power under the statute when it decided to forfeit petitioner's time on parole. *United States v. Newton*, 698 F.2d 770, 771 (5th Cir.1983); *Harris v. Day*, 649 F.2d 755, 760 (10th Cir.1981).

■ Petitioner's second argument is equally without merit. He challenges the Commission's decision to have the unexpired term of his sentence run consecutively with that imposed by the District of Columbia for his subsequent offenses. Again, this ignores the plain wording of the law. The Commission is specifically authorized to decide if the parole violator's term is to be served concurrently or consecutively. 18 U.S.C. 4210(b)(2). The Commission's decision was completely within the bounds of the law under the statute. *Harris v. Day*, supra at 760; *Wilkerson v. United States Board of Parole*, 606 F.2d 750, 751 (7th Cir.1979); *Saulsbury v. United States*, 591 F.2d 1028, 1034 (5th Cir. 1979), *cert. denied*, 444 U.S. 857, 100 S.Ct. 118, 62 L.Ed.2d 77 (1980).

■ The petitioner's third contention, that he is entitled to credit for all the statutory "good time" which he had accrued prior to his original parole release date in 1979, also must fall. A parole violator is not entitled to have any "good time" credited to his parole violation which

he may have received prior to his being released on that parole. *Lambert v. Warden,* 591 F.2d 4 (5th Cir.1979); *Frick v. Quinlan,* 631 F.2d 37, 39 (5th Cir.1980); *United States ex rel Del Genio v. United States Bureau of Prisons,* 644 F.2d 585, 589 (7th Cir.1980). Based upon careful analysis of the authorities, and petitioner's clearly articulated basis for his complaint, it is so clearly without merit and of such a frivolous nature that the Court, in the exercise of its discretion, finds it unnecessary to appoint counsel in this case.

It is therefore, this 31 day of August, 1984

Ordered that petitioner's motion for default judgement is denied, and it is

Further ordered that the petition for writ of habeas corpus be denied, and it is

Further ordered that this case will stand dismissed, and the clerk shall remove it from the docket of this Court.