**Joseph C. SUN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action File No. 1:03–CV–3552–TWT.**

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 22, 2004.

Joseph C. Sun, Savannah, GA, pro se.

Robert David Powell, Office of United States Attorney Northern District of Georgia, Atlanta, GA, for Defendant.

*ORDER*

THRASH, District Judge.

This is a *pro se* civil rights action in which the Plaintiff seeks to set aside his criminal conviction. It is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 4] and the Defendant's Motion to Dismiss Complaint [Doc. 7]. For the reasons set forth below, the Court DENIES the Plaintiff's Motion for Default Judgment and GRANTS the Defendant's Motion to Dismiss Complaint.

## I. *BACKGROUND*

In 1986, Plaintiff Joseph C. Sun was indicted for forgery of a court order and for two counts of mail fraud. In 1987, he was convicted of all three counts and sentenced to 15 years imprisonment. While incarcerated, the Plaintiff repeatedly challenged his conviction, filing an appeal to the Eleventh Circuit Court of Appeals, a motion for a new trial, and numerous motions to vacate his conviction under 28 U.S.C. § 2255. His conviction was upheld, the motion for a new trial was denied, and each collateral attack was denied.

The Plaintiff completed service of his sentence in December 2001. On November 10, 2003, he filed this civil rights action against the United States, alleging that his conviction violated his First, Fifth, and Fourteenth Amendment rights. In his complaint, the Plaintiff alleges that: (1) he was wrongfully detained prior to his trial, which prevented him from adequately preparing his defense; (2) he was not allowed to testify at trial; (3) the government failed to disclose exculpatory evidence; (4) the government presented perjured testimony from witnesses with a personal animus toward the Plaintiff; and (5) he was punished because he had an extensive history of filing *pro se* lawsuits and was disliked by judges. On those grounds, the

Plaintiff asks the Court to set aside his conviction or grant a new trial. The Plaintiff moves for entry of default judgment on the grounds that the United States failed to answer. The United States alleges that service of process was defective and, therefore, it was not required to answer. Additionally, the United States moves to dismiss the action for failure to state a claim and insufficient service of process.

## II. *DISCUSSION*

### A. *Motion for Default Judgment*

The Plaintiff moves for a default judgment against the United States for failure to answer. The United States must answer a complaint within 60 days of the complaint being served upon the United States Attorney. Fed.R.Civ.P. 12(a)(3)(A). Thus, the period in which to answer does not begin to run until the United States Attorney is properly served pursuant to Rule 4(i). In order to effect proper service upon the United States, a plaintiff must: (1) deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or send copies of each by *registered or certified mail*, addressed to the *civil process clerk* at the office of the United States Attorney; and (2) send a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail. Fed.R.Civ.P. 4(i)(1)-(2).

In construing their pleadings, the courts afford pro se litigants some leniency.[1] Nevertheless, *pro se* litigants have been consistently required to comply strictly with procedural rules. *See, e.g., McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir.2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."). Therefore, as with litigants represented by counsel, the Court will hold the Plaintiff to the service of process requirements clearly stated in Rule 4. *See DiCesare v. Stuart,* 12 F.3d 973, 980 (10th Cir.1993) ("A *pro se* litigant is still obligated to follow the requirements of Fed. R.Civ.P. 4.").

▮ Although the Plaintiff correctly served the Attorney General through certified mail, he failed to effect proper service upon the United States Attorney for several reasons. First, the Plaintiff sent the summons and complaint through the regular mail rather than by registered or certified mail. (Def.'s Resp. in Opp'n to Pl.'s Mot. for Default J., Ex. 2); *See Smith v. Department of the Treasury, Internal Revenue Service,* No. 1:96CV–3228–JEC, 1997 WL 406305, *3 (N.D.Ga. Apr.28, 1997) (dismissing claims because process was sent by Express Mail rather than registered or certified mail). Second, the package was not addressed to the civil process clerk, but was instead addressed to the United States Attorney. *See Holmstrom v. United States,* No. 8:02–CV–2006–T–17MAP, 2003 WL 21254624, *2 (M.D.Fla. Apr.4, 2003). Finally, the Plaintiff failed to send his entire complaint, omitting the 18 exhibits that were incorporated into the complaint. As the Plaintiff failed to comply with Rule 4, the require-

---

1. However, the leniency typically afforded a *pro se* litigant may not be warranted in this case. The Plaintiff has demonstrated substantial familiarity with litigation procedures, having represented himself in over 30 lawsuits.

(*See* Sun Decl., Ex. F.); *see also Sun v. AT & T Technologies, Inc.,* No. C84–1352, 1985 WL 1783 (N.D.Ga. Apr.29, 1985) (attaching list of the Plaintiff's *pro se* lawsuits to date).

ment that the United States respond to the complaint has not been triggered. Thus, the United States is not in default, and entry of default judgment is improper.[2]

■ Even if the Plaintiff had properly served the United States, a default judgment would not be warranted. Rule 55(e) provides that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Viewing Rule 55(e) as more restrictive than the typical standard for default, courts have held that entry of default judgment against the United States will not be based simply on a failure to file an answer or responsive pleading. *See, e.g., Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977)[3]; *Simmons v. United States Parole Comm'n*, 590 F.Supp. 1221, 1222 (D.D.C.1984); *Ross v. United States*, 574 F.Supp. 536, 538 (S.D.N.Y.1983); *United States v. Zulli*, 418 F.Supp. 252, 253 (E.D.Penn.1975). "When the government's default is due to a failure to plead or otherwise defend, the court typically either will refuse to enter a default or, if a default is entered, it will be set aside." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2702 (3d ed.1998). For the reasons addressed below, the Plaintiff has failed to establish a clear right to relief by satisfactory evidence and is, therefore, not entitled to a default judgment.

**B.** *Motion to Dismiss*

■ The United States moves to dismiss the Plaintiff's claims of alleged violations of his First, Fifth, and Fourteenth Amendment rights. The Fourteenth Amendment only applies to the states, not the federal government. Therefore, any claim the Plaintiff asserts under the Fourteenth Amendment should be dismissed. As to the other claims, a complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed.R.Civ.P. 12(b)(6); *see Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Linder v. Portocarrero*, 963 F.2d 332 (11th Cir.1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir.1983). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir.1985), *cert. denied*, 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Id.*

■ The Plaintiff asserts that he is filing this action under Rules 57 and 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b) applies only to civil cases. In

**2.** Additionally, the Plaintiff's Motion for Default Judgment is premature because he has failed to obtain the entry of default, a prerequisite to a default judgment. *See* Fed.R.Civ.P. 55(a); *Webster Industries, Inc. v. Northwood Doors, Inc.*, 244 F.Supp.2d 998, 1003 (N.D.Iowa 2003); *Lee v. Brotherhood of Maintenance of Way Employees—Burlington Northern System Federation*, 139 F.R.D. 376, 380 (D.Minn.1991). Thus, even if the United

States were in default, the Plaintiff would not be entitled to a default judgment.

**3.** In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981.

extremely limited circumstance, Rule 60(b) may be used to set aside a prior judgment denying habeas corpus or other postconviction relief. *See Gonzalez v. Secretary for Dept. of Corrections,* 366 F.3d 1253, 1278 (11th Cir.2004) (en banc). Rule 60(b) may be used to set aside a prior judgment denying habeas corpus or other postconviction relief in order to correct a clerical error or where there was a fraud upon the federal court that lead to the denial of the habeas corpus petition. *Id.* However, in those situations, Rule 60(b) is only properly used to attack a procedural defect in the previous postconviction proceeding, not to attack the underlying conviction. *Id.* at 1277.

■ A review of the Plaintiff's complaint reveals that he is not seeking relief from a clerical error nor has he alleged facts showing a fraud upon the court in his postconviction proceedings. Rather, the Plaintiff is seeking to collaterally attack his August 1987 criminal conviction. Specifically, the Plaintiff states in his complaint that he wishes to "be allowed to present and have the court consider his case now, sixteen (16) years after his conviction," and he asks the Court to set aside his conviction or grant a new trial. (Compl. at 13.) Rule 60(b) does not provide for relief from judgment under these circumstances, and the Plaintiff's challenge is not properly brought under Rule 60(b). *See United States v. Mosavi,* 138 F.3d 1365 (11th Cir.1998) (defendant could not challenge criminal forfeiture under Rule 60(b)). The Plaintiff also asks for a declaratory judgment that his conviction is wrongful, pursuant to Federal Rule of Civil Procedure 57. This relief is essentially a motion to set aside his criminal conviction and is no more proper than his Rule 60(b) claim.

■ Because he seeks to set aside his criminal conviction, the Plaintiff's claim could be construed as a motion pursuant to 28 U.S.C. § 2255. Section 2255 provides federal prisoners with the opportunity to collaterally attack a conviction through a motion to vacate, set aside, or correct a sentence. But, § 2255 relief is not available to individuals that have completely served their federal sentence. *Counts v. United States,* 441 F.2d 1377, 1378 (5th Cir.1971). Thus, the United States is correct in arguing that § 2255 relief is unavailable to the Plaintiff.

■ Furthermore, the Plaintiff has not received permission from the Eleventh Circuit to file a successive motion to vacate sentence. While still represented by counsel, the Plaintiff directly appealed his conviction, and the conviction was upheld. A motion for a new trial was also filed and denied. While incarcerated, the Plaintiff filed nine motions under § 2255 seeking to set aside his conviction, and each motion was denied.[4] The Plaintiff's § 2255 motion which was filed on September 25, 1989, raised essentially the same claims that he raises in this action. (Def.'s Mot. to Dismiss Compl., Ex. 4.) Noting that it had already reviewed the merits of the Plaintiff's motion to set aside his sentence on four prior occasions, the court dismissed that petition as successive. (Def.'s Mot. to Dismiss Compl., Ex. 6.) Thus, the grounds raised by the Plaintiff in this case were known to, and asserted by, the Plaintiff when he sought earlier relief. "Because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordi-

---

4. The docket in the Plaintiff's criminal case indicates that § 2255 motions were filed on October 31, 1988; March 6, 1989; June 12, 1989; September 25, 1989; November 7, 1989; January 22, 1990; March 6, 1990; May 31, 1990; and January 9, 1991. (Def.'s Mot. to Dismiss Compl., Ex. 3.)

narily should be dismissed by the district court pursuant to § 2244(b)(4)." *Gonzalez*, 366 F.3d at 1277. Therefore, if it is construed as a motion to vacate sentence, dismissal of the Plaintiff's suit for failure to state a claim upon which relief may be granted is appropriate.

■■■■■ A plaintiff who has served his sentence, and can no longer seek postconviction relief under § 2255, can move to set aside a criminal conviction with a writ of error coram nobis. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir.2002); *Grene v. United States*, 448 F.2d 720 (5th Cir.1971) (proper remedy to set aside criminal conviction after completed sentence was coram nobis rather than independent action under Rule 60(b)). The writ of error coram nobis, as it applies to criminal convictions, was not abolished by Rule 60(b) of the Federal Rules of Civil Procedure which expressly abolished the writ in civil cases. *United States v. Morgan*, 346 U.S. 502, 506 n. 4, 74 S.Ct. 247, 98 L.Ed. 248 (1954). But, this is an extraordinary remedy that is available only in the most compelling circumstances to remedy errors "of the most fundamental character." *Id.* at 511–12, 74 S.Ct. 247. Federal courts have the authority to issue writs of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Id.* at 506, 74 S.Ct. 247; *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir.2000).

■■■ Even construing the relief sought as application for a writ of error coram nobis, the Plaintiff's claim is procedurally barred. A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable. *See Morgan*,

346 U.S. at 512, 74 S.Ct. 247 (coram nobis available only when no other remedy is available and sound reasons exist for failure to seek appropriate earlier relief); *Mills*, 221 F.3d at 1204 (same); *United States v. Mandanici*, 205 F.3d 519, 524 (2nd Cir.2000) (coram nobis is not a substitute for appeal). Accordingly, the Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of error coram nobis] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996).

■■■■ This case falls squarely within the procedural bar against using the writ of coram nobis to relitigate the underlying conviction, appeal and collateral proceedings in a criminal case. The Plaintiff has thoroughly exercised his right to challenge his conviction and cannot show that extraordinary relief is necessary or appropriate. While still represented by counsel, the Plaintiff pursued a direct appeal of his conviction, and the conviction was affirmed. A motion for a new trial was also filed and denied. While incarcerated, the Plaintiff filed nine motions under § 2255 seeking to set aside his conviction, and each motion was denied.[5] The Plaintiff's § 2255 motion filed on September 25, 1989, raised essentially the same claims that he raises in this action. (Def.'s Mot. to Dismiss Compl.; Ex. 4.) Noting that it had already reviewed the merits of the Plaintiff's motion to set aside his sentence on four prior occasions, the court dismissed that petition as successive. (Def.'s Mot. to Dismiss Compl., Ex. 6.) Thus, the grounds raised by the Plaintiff in this case were known to, and asserted by, the Plaintiff when he sought earlier relief. As an ex-

**5.** The docket in the Plaintiff's criminal case indicates that § 2255 motions were filed on October 31, 1988; March 6, 1989; June 12, 1989; September 25, 1989; November 7, 1989; January 22, 1990; March 6, 1990; May 31, 1990; and January 9, 1991. (Def.'s Mot. to Dismiss Compl., Ex. 3.)

traordinary remedy, the writ of error co-ram nobis may not be used to relitigate matters that have already been put in issue and determined.[6] *See Moody v. United States,* 874 F.2d 1575, 1577 (11th Cir.1989); *see also United States v. Esogbue,* 357 F.3d 532, 535 (5th Cir.2004) (coram nobis inappropriate if petitioner merely repeated claims already presented and dismissed in § 2255 petition); *Klein v. United States,* 880 F.2d 250, 254 n. 1 (10th Cir.1989) ("Coram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition."); *Durrani v. United States,* 294 F.Supp.2d 204, 210 (D.Conn.2003) (denying coram nobis petition because grounds had already been presented and denied in previous § 2255 motion).

▮▮▮▮ Even assuming the Plaintiff is not attempting to relitigate matters addressed in his § 2255 motions, he has failed to allege any error of a fundamental character that would warrant coram nobis relief. The Plaintiff argues that his claims differ from those in his previous § 2255 petitions because he was unable to properly prepare his claims while incarcerated. He contends that he could not access certain documents during that time and that the government failed to disclose exculpatory evidence in the form of long distance call records and a handwriting analysis.

(Compl. at 10–11.) The Plaintiff does not assert that he was unaware of these documents before completing his sentence, but simply states that he had difficulty accessing them. This contention is insufficient to support a claim that the evidence is newly discovered. Regardless, newly discovered evidence does not constitute a fundamental error sufficient to justify coram nobis relief. *See, e.g., United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914); *Mills,* 221 F.3d at 1205 ("Relying on *Mayer,* we have held that allegations of newly discovered evidence are not cognizable in a petition for coram nobis."); *Moody,* 874 F.2d at 1577 ("A claim of newly discovered evidence relevant only to the guilt or innocence of the petitioner is not cognizable in a coram nobis proceeding.").

The grounds presented in the Plaintiff's request to set aside his criminal conviction have been previously presented and decided adversely to him in numerous § 2255 motions. Thus, a writ of error coram nobis cannot now be used to set aside the Plaintiff's conviction. Furthermore, even if his claim were procedurally proper, the Plaintiff has failed to allege an error of fundamental character that would warrant issuance of a writ of error coram nobis. Therefore, dismissal of the Plaintiff's suit for failure to state a claim upon which relief may be granted is appropriate.[7]

---

**6.** The writ of error coram nobis is of the same general character as a § 2255 motion. *Morgan,* 346 U.S. at 506 n. 4, 74 S.Ct. 247. Courts have been reluctant to allow successive § 2255 petitions, preferring to ensure finality in postconviction proceedings. *See, e.g., Gonzalez,* 366 F.3d at 1269; *Johnson v. United States,* 340 F.3d 1219, 1224 (11th Cir.2003). Moreover, the restrictions on filing a successive petition cannot be avoided by simply placing a different label on the motion. *See Gonzalez,* 366 F.3d at 1263. Considering the limited circumstances in which successive petitions are permitted, the Plaintiff should not avoid the bar to motions to set aside a convic-tion based on previously asserted grounds simply because his motion is now construed as a writ of error coram nobis.

**7.** In light of the determination that dismissal is appropriate for failure to state a claim, the Court declines to address fully whether dismissal based on insufficient process, Rule 12(b)(4), or insufficient service of process, Rule 12(b)(5), is warranted. As addressed in response to the Motion for Default Judgment, the Plaintiff improperly served the United States Attorney pursuant to Rule 4(i), and more than 120 days have passed since the complaint was filed. Fed.R.Civ.P. 4(m).

### III. *CONCLUSION*

For the reasons set forth above, the Plaintiff's Motion for Default Judgment [Doc. 4] is DENIED, and the Defendant's Motion to Dismiss Complaint [Doc. 7] is GRANTED.

Thus, dismissal pursuant to Rule 12(b)(5)    would also be proper.