[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10299
Non-Argument Calendar

_____

D.C. Docket No. 1:89-cr-00012-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OLUWATOYIN UTOH,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 22, 2019)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Oluwatoyin Utoh immigrated to the United States from Nigeria in 1978. Just more than ten years later, in 1989, she pled guilty in federal court to filing a false passport application in violation of 18 U.S.C. § 1542. She was also convicted in Georgia state court the year before of four counts of forgery and financial transaction card theft. The Board of Immigration Appeals ordered her removed from the country in 1999, but she has not been deported, and she is not still in custody.

Utoh moved in the District Court for referral to a volunteer attorney program and to reopen her case. Her underlying contention is that the district judge who sentenced her never informed her of the collateral immigration consequences of a guilty plea. The Court denied the Motion. Utoh initiated this appeal.

We affirm the District Court's denial of Utoh's Motion, which we construe as a petition for a writ of coram nobis,[1] because the Court did not abuse its discretion. Utoh has suffered no injustice that would make relief appropriate. Because we write for the parties, we set out facts only as they are needed to support our analysis.

I.

---

[1] A writ of coram nobis is an "extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). Under the All Writs Act, 28 U.S.C. § 1651, we may issue the writ only to correct "errors 'of the most fundamental character.'" *Id.* (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S. Ct. 16, 19 (1914)).

We begin by assessing our own jurisdiction.

We may review only "final decisions" of the district courts.  28 U.S.C. § 1291.  Because judgment has already been entered in the case from which Utoh appeals, we treat this post-judgment proceeding as "free-standing litigation." *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (per curiam) (quoting *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010)).  "[A]n order is deemed final if it disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings." *Id.*  In 2017, Utoh filed in the District Court a boilerplate document, presumably intended for use by *pro se* litigants, entitled "Motion for Referral to Volunteer Attorney Program."  This is the Motion we must evaluate to determine whether the Court's decision was "final."  28 U.S.C. § 1291.  "[I]n evaluating whether a district court's order is final and appealable, we look to the substance of the order—not the label." *Young v. Prudential Ins. Co. of Am.*, 671 F.3d 1213, 1215 (11th Cir. 2012) (per curiam).  At the bottom of her form, Utoh handwrote that she was requesting a motion to reopen her case.  The District Court understood Utoh to be moving for both referral to a volunteer attorney program and to reopen her case and issued an order that denied each request.

Because the District Court's order "leaves nothing for the court to do," we have power to review the disposition of both the denial of referral and denial to

3

reopen.  *Id.* (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945)).

We turn to how Utoh's Motion should be construed.

## II.

"[W]e have a duty to 'liberally construe a *pro se* litigant's assertions to discern whether jurisdiction to consider his motion can be founded on a legally justifiable base.'"  *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (per curiam) (alteration omitted) (quoting *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir.1991)).  As we explain below, we can interpret Utoh's Motion to reopen her case only as a petition for a writ of coram nobis, and that writ provides her no relief here.[2]

Utoh's Motion to reopen her case cannot be used to challenge her four convictions in Georgia state court in 1988 for forgery and financial transaction card theft.  The only means to attack a state criminal conviction in federal court is through 28 U.S.C. § 2254.[3]  But this route is unavailable because Utoh is not in

---

[2] Utoh has not briefed this Court at all on the District Court's denial of her request to be referred to a voluntary attorney program and thus has waived the issue on appeal.  *See United States v. Robles*, 408 F.3d 1324, 1326 n.1 (11th Cir. 2005) (per curiam) ("Issues not raised in a party's initial brief will be deemed waived.").  Similarly, she briefed this Court, but not the District Court, on an allegedly unlawful search that occurred.  We review arguments not raised before a district court only for plain error.  *United States v. Cavallo*, 790 F.3d 1202, 1234 (11th Cir. 2015).  But because Utoh has not argued that the District Court plainly erred, the issue of the unlawful search is also waived.

[3] Utoh cannot attack her state convictions in federal court with a writ of coram nobis because it would have to be filed with the state court that sentenced her.  *Grene v. United States*,

"custody."  28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 1926 (1989) (per curiam) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

As to Utoh's conviction in federal court in 1989 for filing a false passport application, she faces the same problem with respect to "custody," which is a jurisdictional prerequisite to habeas relief.  3 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 630 (4th ed. 2008).

In short, the District Court had jurisdiction to review Utoh's Motion only as a petition for a writ of coram nobis.

We review a district court's denial of a petition for a writ of coram nobis for abuse of discretion.  *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam).

The District Court did not abuse its discretion because the two errors that Utoh identifies are not eligible for coram nobis relief as a matter of law.  *Cf. United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) ("[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the

---

448 F.2d 720, 721 (5th Cir. 1971).  (In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.)

5

district court has made a clear error of judgment[] or has applied the wrong legal standard.").  A writ of coram nobis is an "extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Mills*, 221 F.3d at 1203.  The only claim that Utoh presented to the District Court is that she was never informed by the sentencing court of the immigration consequences of a guilty plea.[4]  But Utoh had no legal right to be informed by the court of those consequences.  *See United States v. Ataya*, 884 F.3d 318, 323 (6th Cir. 2018) (collecting decisions of the Second, Fourth, Sixth, and Ninth Circuits for the proposition that "failure by the district court to inform a defendant of potential immigration consequences does not entitle the defendant to a vacation of his conviction because the district court . . . is not under a constitutional obligation to inform the defendant of these potential consequences").[5]

III.

---

[4] In a previous petition for a writ of coram nobis, which was denied in 2006, Utoh also argued that *counsel* had failed to advise her of the immigration consequences of her plea. *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), held that the Sixth Amendment requires counsel to inform a client on "whether [a] plea carries a risk of deportation."  *Id.* at 374, 130 S. Ct. at 1486.  But the Court later held that *Padilla* is not retroactively applicable under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989).  *Chaidez v. United States*, 568 U.S. 342, 344, 133 S. Ct. 1103, 1105 (2013).  So even accounting for Utoh's argument in this prior petition, no injustice has occurred because no legal right was violated.

[5] Utoh also did not have a statutory right to be informed of the consequences.  In 2013, in the wake of *Padilla*, Rule 11 of the Federal Rules of Criminal Procedure was amended to "require[] the court to include a general statement that there may be immigration consequences of conviction in the advice provided to the defendant before the court accepts a plea of guilty or nolo contender."  Fed. R. Crim. P. 11(b)(1)(O) advisory committee's note to 2013 amendment.  But that requirement was not in effect at the time of Utoh's conviction.

In conclusion, we **AFFIRM** the District Court's denial of Utoh's Motion because it did not abuse its discretion in d-enying her petition for a writ of coram nobis.

**SO ORDERED.**