[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12436
Non-Argument Calendar

_____

D.C. Docket Nos. 4:18-cv-00093-HLM,
4:00-cr-00007-HLM-WEJ-3

KENNETH DARNELL WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 26, 2019)

Before JORDAN, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Kenneth Darnell Williams, a New York prisoner, appeals the dismissal of his

*pro se* 28 U.S.C. § 2255 motion to vacate.  We affirm.

## I. BACKGROUND

Williams was convicted on June 27, 2000, in the Northern District of Georgia for attempting to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846.  On August 28, 2000, he was sentenced to 72 months of imprisonment followed by 6 years of supervised release.  He did not appeal.  On August 10, 2010, the court ordered that Williams be discharged from supervised release.

In April 2018, Williams filed his 28 U.S.C. § 2255 motion, which he titled a "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody," challenging his 2000 federal conviction and sentence.  He asserted that (1) the prosecutor proffered perjured testimony at trial, (2) his counsel was ineffective for failing to meet with him after the jury found him guilty, and (3) he was denied due process when his counsel failed "to acknowledge the fact[] that since one of [Williams's] co-defendants plead[ed] guilty, and the other one went to trial, common sense would take over that [Williams] was just tried by a jury and found guilty and imposed a sentence of 72 months and 72 months of post supervised release."  Williams listed his address as "Shawangunk Correctional Facility, Post Office Box 700, Wallkill, New York 12589."  He also attached an unsigned and undated filing from a New York criminal proceeding indicating that

2

the state was using the federal conviction as a predicate offense to enhance his sentence for an offense committed in February 2011.

Without requiring the government to respond, a magistrate judge issued a report and recommendation ("R&R"), construing Williams's filing as a § 2255 motion and recommending that it be dismissed as untimely. The magistrate judge issued an order informing Williams of his opportunity to respond and warning him that any objections to unchallenged findings or conclusions would be deemed waived on appeal. Williams responded, but did not object to the construing of his motion as a § 2255 motion. The district court overruled the objections, adopted the R&R, dismissed the motion as untimely, and denied a certificate of appealability ("COA").

This Court granted a COA on the issue of "[w]hether the District Court erred in *sua sponte* determining that Mr. Williams's 28 U.S.C. § 2255 motion was time-barred without giving the government the opportunity to raise or waive the non-jurisdictional issue of timeliness?" Williams argues that the district court should not have raised the defense *sua sponte*. The government argues that the district court lacked jurisdiction to consider Williams's § 2255 motion because he was no longer in custody under that conviction.

## II. DISCUSSION

We review questions concerning jurisdiction de novo. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Whether a district court had jurisdiction to consider a matter is a threshold issue. *Id.*

If a party fails to object to the findings or recommendations contained in an R&R after being informed of (1) the time period for objecting and (2) the consequences on appeal for failing to object, that party waives the right to challenge the unobjected-to factual and legal conclusions on appeal. 11th Cir. R. 3-1. However, we may still review for plain error if the interests of justice require. *Id.* Issues not raised on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Generally, appellate review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). However, procedural issues that must be resolved before this Court can address the underlying claim specified in the COA are presumed to be encompassed in the COA. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (addressing the application of the cause-and-prejudice standard and *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989), as threshold issues that had to be resolved before reaching the merits of the underlying claim). Additionally, no COA is required for an appellee to defend the district court's judgment on alternative grounds. *Jennings v. Stephens*, 135 S. Ct. 793, 802 (2015).

4

A state prisoner seeking to challenge his confinement files a "petition for writ of habeas corpus" pursuant to § 2254.  28 U.S.C. § 2254(a).  A federal prisoner files a "motion to vacate, set aside, or correct the sentence" pursuant to § 2255.  28 U.S.C. § 2255(a).  Only a "prisoner *in custody* under sentence of a [federal] court" may file a motion under § 2255.  *Id.* (emphasis added).  The "in custody" requirement means that a movant must be in custody under the challenged conviction at the time that he files his motion.  *See Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989) (noting federal habeas "in custody" requirement, 28 U.S.C. § 2241(c)(3)).  Although courts construe "in custody" broadly, a movant is not in custody if he has completed his sentence. *Counts v. United States*, 441 F.2d 1377, 1378 (5th Cir. 1971) (construing the motion as a petition for writ of *coram nobis*).  Where the "sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Maleng*, 490 U.S. at 492, 109 S. Ct. at 1926. Accordingly, a movant cannot directly attack a conviction when he has already served the sentence, even if that conviction is used to enhance a later sentence. *Id.* at 492-93, 109 S. Ct. at 1926.

However, to meet the "in custody" requirement, a movant may be deemed to be challenging his current sentence that was enhanced by the expired conviction,

5

rather than directly challenging the expired conviction. *Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997); *see also White v. Butterworth*, 70 F.3d 573, 574 (11th Cir. 1995) ("[A] habeas petitioner may challenge a current sentence on the ground that it was enhanced by an allegedly invalid, prior conviction."), *opinion corrected,* 78 F.3d 500 (11th Cir. 1996). "[I]f, at the time of the filing of the petition, (1) the petitioner is incarcerated under a current sentence that (2) has been enhanced by the expired conviction," he may challenge the expired conviction by challenging the current sentence that was enhanced as a result. *Van Zant*, 104 F.3d at 327. Furthermore, courts have a duty to "liberally construe a [*pro se* litigant's] assertions to discern whether jurisdiction to consider his motion can be founded on a legally justifiable base." *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (alteration in original) (quoting *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)).

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts the authority to issue writs of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The *coram nobis* writ is an extraordinary remedy, though, that is only available "in compelling circumstances where necessary to achieve justice." *Id.* A court can only provide *coram nobis* relief if: (1) no other avenue of relief is available or has been available; and (2) the petitioner presents a fundamental error that made the proceedings irregular and invalid. *Alikhani v. United States*,

6

200 F.3d 732, 734 (11th Cir. 2000).  The petitioner must also present "sound reasons" for not seeking relief earlier.  *Mills*, 221 F.3d at 1204.  *Coram nobis* relief is not available to a person who is "in custody" for purposes of § 2255.  *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997).

We first address the question of jurisdiction because it is a threshold issue that must be resolved before addressing the underlying claims.  Even though the COA did not specify jurisdiction as an issue, (1) we presume that jurisdiction is encompassed in the COA because it is a threshold issue, and (2) the issue was raised by the government, which was not required to obtain a COA to defend the district court's judgment on an alternative ground.  We do not address whether the district court should have construed Williams's motion as a § 2254 petition or petition for writ of *coram nobis* because he waived any argument on that issue by (1) not objecting that the R&R should have treated his motion as a § 2254 petition or a petition for writ of *coram nobis*, and (2) not raising the issue on appeal.[1]

The district court lacked jurisdiction to consider Williams's § 2255 motion because his federal sentence had expired by the time that he filed his motion.

---

[1] We also note that plain error review would not be in the interests of justice because (1) Williams would not be entitled to *coram nobis* relief because he could have challenged his federal conviction while still in custody pursuant to that conviction, *see Alikhani*, 200 F.3d at 734; *Mills*, 221 F.3d at 1204; and (2) the district court would have lacked the authority to grant Williams relief as to his New York state conviction under § 2254 because Williams was not sentenced in the Northern District of Georgia and is not in custody in that district, *see* 28 U.S.C. § 2241(d).

7

Although Williams is incarcerated in New York, that incarceration is not pursuant to his federal conviction, so he is no longer "in custody" under that conviction. The fact that his federal conviction *may* have been used to enhance his state sentence is insufficient to render him "in custody" for purposes of filing a § 2255 motion directly challenging his expired conviction.[2]  *See Maleng*, 490 U.S. at 492, 109 S. Ct. at 1926; *see also Diaz v. State of Fla. Fourth Judicial Circuit ex rel. Duval Cty.*, 683 F.3d 1261, 1264 (11th Cir. 2012) ("Although we broadly construe the phrase 'in custody,' that requirement has not been extended to cover a scenario where a petitioner suffers no 'present restraint' from the conviction being challenged.").  Accordingly, the district court lacked jurisdiction to consider Williams's § 2255 motion and we affirm the dismissal of his motion.  Because the district court lacked jurisdiction, we do not address whether the district court erred in *sua sponte* dismissing Williams's § 2255 motion as untimely.

   **AFFIRMED.**

---

[2] He would be rendered "in custody" for purposes of a § 2254 petition challenging the state sentence *if* he is still incarcerated under that sentence and it was enhanced by the expired conviction, *Van Zant*, 104 F.3d at 327; however, it is not clear from the record whether Williams is, in fact, still in custody pursuant to that state conviction or whether the 2000 federal conviction was ultimately used to enhance his sentence.  The only information in the record is that Williams is presently confined in New York and an unsigned, undated document indicating the state of New York's intent to use the 2000 federal conviction to enhance a sentence for a February 2011 offense.